```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF OREGON

LARRY BENJAMIN WILLIAMS,                        2:11-cv-00927-KI

          Petitioner,                           OPINION AND ORDER
     v.

RICK COURSEY,

          Respondent.
```

C. Renee Manes
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

ELLEN ROSENBLUM
Oregon Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

KING, Judge

    Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28

1 -- OPINION AND ORDER

U.S.C. § 2254. For the reasons set forth below, the amended petition is DENIED.

## BACKGROUND

On October 6, 2003, petitioner shot and killed his long-time friend and business associate Michele Hawkins. Petitioner immediately confessed to his brother, and drove to the police station to turn himself in. On October 14, 2003, petitioner was indicted on charges of Aggravated Murder (murder in the course of a burglary) and Murder in the First Degree. Resp. Exh. 103. At trial, petitioner raised the affirmative defense of extreme emotional disturbance. In support of this defense, petitioner presented multiple witnesses who testified to his "peaceful nature." Additionally, petitioner testified that he did not recall the actual act of shooting the victim, and explained that he was heartbroken over the fact that his personal and business relationship with Ms. Hawkins appeared to be ending.

On December 13, 2004, petitioner was convicted by a jury of Murder in the First Degree, and acquitted of Aggravated Murder. Resp. Exhs. 101 & 125. As part of the verdict, the jury rejected petitioner's defense of extreme emotional disturbance. Resp. Exh. 125. Petitioner was sentenced to life imprisonment, with the possibility of parole after 25 years. Resp. Exh. 101.

Petitioner filed a direct appeal, assigning as error the trial court's denial of his demurrer to the Aggravated Murder charge on

2 -- OPINION AND ORDER

the basis that the indictment failed to allege with sufficient particularity the underlying burglary offense.[1] The Oregon Court of Appeals affirmed petitioner's conviction, without opinion, and the Oregon Supreme Court denied review. State v. Williams, 213 Or. App. 588, 162 P.3d 1095, rev. denied, 343 Or. 224 (2007).

Petitioner subsequently sought state post-conviction relief raising multiple grounds of ineffective assistance of counsel. The post-conviction court denied relief. On appeal, petitioner raised a single claim of ineffective assistance of counsel--that trial counsel was "inadequate and ineffective for failing to advance fully his defense of extreme emotional distress." Resp. Exh. 131 at 4. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Williams v. Coursey, 236 Or. App. 268, 236 P.3d 851, rev. denied, 349 Or. 57 (2010).

## DISCUSSION

### I. Procedural Default.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas

---

[1] Although acquitted of aggravated murder, petitioner reasoned that he "was harmed by this error because the jury was presented with a compromise possibility between Aggravated Murder, at the one end, and Manslaughter in the First Degree at the other." "Had the demurrer been granted as it should have been, the jury would have been presented with the choice between Murder and Manslaughter in the First Degree." Resp. Exh. 104 at 2.

corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts *at all appellate stages afforded under state law*, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004). A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts, and the federal legal theory on which his claim is based. Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. O'Sullivan, 526 U.S. at 848; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Cooper, 641 F.3d at 327; Casey, 386 F.3d at 920. Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. Coleman, 501 U.S. at 729-30; Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default

4 -- OPINION AND ORDER

and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. Coleman, 501 U.S. at 750.

**A.   Ground for Relief One.**

Respondent moves the court to deny habeas relief on petitioner's first ground for relief on the basis that his challenge to the sufficiency of the indictment was premised upon state law only. Additionally, respondent argues that if petitioner raised a federal challenge in his brief to the Oregon Court of Appeals, he nevertheless omitted any reference to federal law in his petition for review to the Oregon Supreme Court.  I agree.

In petitioner's appellate brief to the Oregon Court of Appeals challenging the particularity of the indictment, petitioner footnoted that "[t]he right to have a jury determine all facts essential to a conviction and sentence is also found in Amendments 6 and 14 to the United States Constitution. Resp. Exh. 104 at 11 n.3 (citing Apprendi v. New Jersey, 530 U.S. 466 (2000) & Blakely v. Washington, 542 U.S. 296 (2004)). Additionally, petitioner made note of the federal standard for harmless error, and mentioned due process in his factual summary.  Resp. Exh. 104 at 7 & 14-15. Assuming that any of the foregoing references fairly presented a Sixth Amendment and/or Due Process challenge to the particularity of the indictment to the court of appeals, it is undisputed that no federal challenge was included in his subsequent petition for

5 -- OPINION AND ORDER

review to the Oregon Supreme Court. <u>See</u> Resp. Exh. 106. Consequently, the claim is procedurally defaulted.

In so holding, I reject petitioner's assertion that "[g]iven that the Oregon Supreme Court could have considered the Claim based on the presentation to the Oregon Court of Appeals, it is incumbent on the State to prove that Claim was actually rejected for a procedural reason." Brief in Support at 11 (citing <u>Farmer v. Baldwin</u>, 346 Or. 67, 205 P.3d 871 (2009)). As noted above, it is well settled that in order to exhaust state remedies, a state prisoner must raise his federal claims at every appellate level. Petitioner failed to do so. Petitioner's assertion that respondent must prove that the federal claim was rejected based upon an independent and adequate state procedural rule, confuses a procedural default caused by the failure to fairly present a claim, with a procedural default caused by the state court's invocation of an independent and adequate state court rule. In the instant proceeding, petitioner's procedural default was caused by his failure to fairly present the claim to the Oregon Supreme Court, coupled with the fact that the claim would now be untimely under an independent and adequate state procedural rule. <u>See</u> <u>Cooper</u>, 641 F.3d at 328; <u>Casey</u> 386 F.3d at 918-19 & n.23; <u>Coleman</u>, 501 U.S. at 735 n. 1; <u>O'Sullivan</u>, 526 U.S. at 848; <u>see also</u> O.R.S. 2.520 (party aggrieved by decision of Court of Appeals may petition the Supreme Court within 35 days of decision).

In sum, petitioner procedurally defaulted his first ground for relief by failing to fairly present the claim to the Oregon Supreme Court. Petitioner has not demonstrate cause and prejudice sufficient to excuse his default, or that a miscarriage of justice will result if this court fails to address the defaulted claim. Accordingly, habeas relief is not warranted.

**B.    Ground for Relief Two.**

Petitioner alleges that he received ineffective assistance of counsel as follows:

> A.   Trial counsel failed to fully investigate the defense of extreme emotional disturbance, such as by retaining appropriate experts and witnesses on the issue, or by having petitioner evaluated in support of such a defense.
>
> B.   Trial counsel failed to adequately argue and present analysis in support of the demurrer to the Indictment of aggravated murder.
>
> C.   Trial counsel failed to adequately cross-examine the prosecution's witnesses, including on issues of bias against Petitioner.
>
> D.   Trial counsel failed to present available evidence supporting the defense of extreme emotional disturbance, including the presentation of witnesses and experts.
>
> E.   Trial counsel failed to adequately argue the issue of extreme emotional disturbance to the jury.

I agree with Respondent's argument that petitioner procedurally defaulted all but ground 2(E) due to the fact that he raised only ground 2(E) in his appeal from the denial of post-conviction relief. See Resp. Exhs. 131 & 133. In so holding, I

7 -- OPINION AND ORDER

note that petitioner's appeal from the denial of post-conviction relief consistently identified trial counsel's inadequacy as the failure to adequately *argue to the jury* petitioner's defense of extreme emotional disturbance. See Resp. Exh. 131 at 1, 5, 8-9. For example, petitioner's "Summary of Argument" provided as follows:

> Petitioner sought post-conviction relief on his conviction for murder. During his trial, petitioner advanced a defense of extreme emotional disturbance. His claims on post-conviction relief concern trial counsel's *failure to argue that defense fully*. In particular, petitioner wanted counsel to *argue to the jury* that he was an ordinary person who typically engaged in normal day-to-day activities. The point was to underscore how unusual petitioner's actions were when he snapped and killed the victim. Had counsel *argued this issue*, the jury would likely have found that petitioner was acting under the influence of an extreme emotional disturbance. For that reason, petitioner is entitled to post-conviction relief.

Resp. Exh. 131 at 1-2 (emphasis added).

Throughout the appellate briefs, no mention was made of trial counsel's alleged failure to adequately *investigate* the defense of extreme emotional disturbance, or to *call expert or lay witnesses* to testify relevant to the defense. See Ground 2(A) & (D). Similarly, no reference was made in the appellate briefs to the allegations of Grounds 2(B) & (C). Accordingly, I reject petitioner's assertion that his appellate briefs were sufficiently broad to encompass all of the ineffective assistance claims raised in Ground Two. It is well settled that discrete claims of

ineffective assistance of counsel must be exhausted separately. Gulbrandson v. Ryan, 2013 WL 1111457, *12-*13 (9th Cir. Mar. 18, 2013); Poyson v. Ryan, 2013 WL 1173971, *14-*15 (9th Cir. Mar. 22, 2013); Moormann v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005). Petitioner has alleged no basis to overcome this procedural default. Accordingly, habeas relief is not warranted as to Grounds 2(A)-(D). Alternatively, I conclude that habeas relief is not warranted as to Ground 2(A)-(D) because petitioner has made no showing to this court that the state court's rejection of the claims is contrary to, or an unreasonable application of, clearly established law. See 28 U.S.C. § 2254(d)(1).

**C.    Grounds Three and Four.**

In grounds three and four, petitioner alleges that his conviction is premised upon insufficient evidence, that he is actually innocent, and that "the cumulative effect of the multiplicity of errors rendered his trial fundamentally unfair." It is undisputed that petitioner failed to raise these claims on direct or collateral review. Petitioner offers no basis to excuse this procedural default. Accordingly, habeas relief is precluded. Moreover, petitioner offers no argument in support of these claims, and petitioner's *cumulative* error claim lacks merit as only *one* claim of ineffective assistance of counsel was properly exhausted.

///

///

9 -- OPINION AND ORDER

**II.   The Merits**.

Pursuant to O.R.S. 163.135(1), "[i]t is an affirmative defense to murder . . . that the homicide was committed under the influence of extreme emotional disturbance."  The affirmative defense has three components: (1) did the defendant commit the homicide under the influence of an extreme emotional disturbance; (2) was the disturbance the result of the defendant's own intentional, knowing, reckless, or criminally negligent act; and (3) was there a reasonable explanation for the extreme emotional disturbance. Peters v. Belleque, 241 Or. App. 701, 704, 250 P.3d 456 (2011); State v. Counts, 311 Or. 616, 623, 816 P.2d 1157 (1991).  If successful, the affirmative defense would have resulted in a conviction of manslaughter, rather than murder.

Petitioner alleges that trial counsel was constitutionally ineffective for failing to "adequately argue the issue of extreme emotional disturbance to the jury."  In support of this argument, petitioner asserts that extreme emotional disturbance was his only available defense and, had trial counsel effectively presented the issue to the jury, the jury would have found the defense to be substantiated.  Respondent moves the court to deny habeas relief on the basis that trial counsel repeatedly raised the defense and petitioner cannot demonstrate any prejudice because the facts of the case did not support the defense.

A claim of ineffective assistance of counsel requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 687-88 (1987).

To prove deficiency of performance, petitioner "'must show that counsel's representation fell below an objective standard of reasonableness.'" Taylor, 529 U.S. at 390-91 (quoting Strickland, 466 U.S. at 688). "To establish prejudice [petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 391 (quoting Strickland, 466 U.S. at 694). In evaluating proof of prejudice, this court "must consider the totality of the evidence" before the jury. Strickland, 466 U.S. at 696.

At the post-conviction hearing, trial counsel Peter Fahy, testified concerning his presentation of the extreme emotional disturbance defense as follows:

> Q    ***So you did, in fact, argue the defense of extreme emotional disturbance, correct?
>
> A    Correct.

11 -- OPINION AND ORDER

>   Q     Is there any other way you feel that you could have argued that would have changed the result regarding the jury's finding in the extreme emotional disturbance?
>
>   A.    In retrospect, I could – perhaps I could have brought in an expert . . . . I could have brought in, obviously, a psychiatrist, a mental health professional, perhaps in addition to an expert on race, specifically, that Mr. Williams is a black man who was living in a predominantly white demographic, and that expert testimony may have put a – may have more clearly explicated to a jury the fact that he, at the time of the offense, that he was suffering from an extreme emotional disturbance.  That is one thing that I have considered since the trial.
>
>   Q     At the time of Petitioner's trial, were you satisfied in the manner that you presented the extreme emotional disturbance defense?
>
>   A.    Yes.

Resp. Exh. 129 at 8-9.

At the conclusion of the post-conviction hearing, the Honorable Linda L. Bergman denied petitioner's ineffective assistance of counsel claims as follows:

>   I've reviewed everything.  Mr. Williams, I did not find that your attorney let you down here.
>
>                       * * * * *
>
>   The attorney did argue extreme emotional disturbance.  The jury rejected it and found Petitioner guilty of Murder rather than the Manslaughter that was argued, and Counsel certainly did argue for Manslaughter.  And I simply find there is insufficient proof of any of the other allegations.
>
>   I think the attorney did what he needed to do.  I will sign the order today.

Id. at 17-18.

12 -- OPINION AND ORDER

In her subsequent written order, Judge Bergman denied post-conviction relief, noting that petitioner presented both federal and state constitutional issues, and concluding that trial counsel did argue Extreme Emotional Disturbance but the jury rejected it. Resp. Exh. 130.

In the instant proceeding, petitioner fails to identify any particular deficiency in counsel's argument concerning the defense of Extreme Emotional Disturbance. A review of the state record reveals that counsel presented the defense during opening statements, and argued about its applicability extensively during closing argument. Moreover, in light of the totality of the evidence, petitioner has failed to demonstrate that, had trial counsel argued the defense more forcefully or differently, there is a reasonable probability that he would have prevailed on the defense (particularly as to the third component requiring proof that there was a reasonable explanation for the extreme emotional disturbance).

Consequently, petitioner has established neither deficiency of performance nor prejudice. Petitioner's contention that the post-conviction court's rejection of his ineffective assistance claim is not entitled to deference because the court did not announce the constitutional standards it applied and is "devoid of legal analysis", has been rejected by the Supreme Court. Harrington v.

Richter, 131 S.Ct. 770, 784-85 (2011); Early v. Packer, 537 U.S. 3, 8 (2002) (*per curiam*).

For all of these reasons, I conclude that the post-conviction court's rejection of petitioner's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of clearly established federal law. Accordingly, habeas relief is not warranted. See 28 U.S.C. § 2254(d)(1).

## CONCLUSION

Based on the foregoing, petitioner's amended habeas corpus petition (#14) is DENIED, and this proceeding is DISMISSED, with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this     24th     day of April, 2013.


　　　　　　　　　　　　　　　　 /s/ Garr M. King
　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　United States District Judge